STATE OF MAINE

KENNEBEC, ss.



DISTRICT COURT
DISTRICT SEVEN
DIV. OF SO. KENNEBEC
DOCKET NO. AUG-CV-01-302
and 303

GEORGE FARRAR,

     Plaintiff

    v.

JOSEPH YORK,

     Defendant

DOCKET NO. AUG-CV-01-302

*****************************************

GEORGE FARRAR,

     Plaintiff

    v.

RICHARD WILLETTE,

     Defendant

DOCKET NO. AUG-CV-01-303

## JUDGMENT

These related matters came before the court for consolidated hearing on the complaints of plaintiff George Farrar for recovery of money. Farrar and defendant Richard Willette both appeared with counsel at the trial. Defendant Joseph York, though he had both notice and actual knowledge of the trial date, failed to appear and is defaulted. At the beginning of the trial, the court also granted an oral motion by the plaintiff to include as a defendant China Neck Farm, Inc. as a defendant in Docket No. CV-01-303.

## Facts

In early 2000, plaintiff Farrar was the titleholder of a Peterbilt tractor and trailer, which he had financed through a bank. Farrar actually wanted to get out from under these payments and accepted a proposal made by a prior employee, Charles Veilleux. The idea was that Farrar would continue to own the Peterbilt, but would allow defendant Joseph York to drive the truck under lease to haul Veilleux's cargos. In return, York would make Farrar's bank payments, plus paying for registration, insurance, repairs and other related expenses. The bank payments would be made by Veilleux directly to the bank out of York's earnings. Farrar and York entered into this agreement, with Veilleux's assistance, and everything went well for seven to eight months until York was unable to comply with certain federal regulations and could no longer haul for Veilleux.

After leaving Veilleux's operations, York began hauling freight for China Neck Farm, Inc., a corporation with defendant Willette and his wife as principal stockholders. Originally, Willette thought that York owned his truck, but a few months later found out that Farrar owned the truck and that York was making his bank payments. Although China Neck Farm, Inc. was never as involved in the relationship as Veilleux had been previously, the corporation did write some checks to Farrar and others to assist York in keeping up with his obligations (defendant's exhibit 5). Eventually, the truck broke down on the road but was returned to the China Neck Farm, Inc. facilities. The corporation stopped payment on a $2,500 check which York had given to Farrar and claimed a lien on the truck for expenses.

Farrar subsequently attempted to retrieve the truck from China Neck Farm, Inc., which led to a forcible entry and detainer action being brought in the District Court. The District Court judge found that the agreement between Farrar and York was a

conditional sales agreement, which was breached when York defaulted on the payments necessary to complete the purchase. The issue in that action became the validity of the alleged lien as it affects the respective rights of the parties to possession of the truck. The court concluded that because the agreement between Farrar and York was a conditional sales agreement, York was not the "owner" of the truck and he was not legally in a position to authorize the work and defendant Willette did not have a valid lien on the tractor/trailer.[1] The court granted possession to Farrar. When the truck was collected, several pieces of equipment were missing and other portions of the tractor/trailer were damaged.

## Discussion

There is no question that there was a valid contract between plaintiff Farrar and defendant York, through which York was to have use of the tractor and trailer and from the proceeds of his hauling operations he would make Farrar's bank payments until he owned the truck himself. There is also no question but that York breached this contract and, even if he had not been defaulted for failure to prosecute this suit, would have been found liable for the breach of contract. Damages for the breach include both payments York missed while he continued to have the truck in his possession ($2,500 x 2 = $5,000), plus reimbursement to Farrar for vehicle damages and missing equipment ($5,836). Therefore, judgment will be entered for the plaintiff against defendant York in the amount of $10,836.

The situation is different, however, with regard to defendants China Neck Farm, Inc. and Richard Willette. These defendants were never parties to the agreement between Farrar and York, nor were they privy to that agreement. Although China Neck

---

[1] The defendants in the forcible entry and detainer action were Joseph York and Richard Willette personally. China Neck Farm, Inc. was not a party to the action and no issue was raised as to whether it was, in fact, the more appropriate defendant.

Farm, Inc. attempted to assist York from time to time in meeting his obligation to Farrar, the corporation itself never became obligated to Farrar under the contract or otherwise. The corporation did hold the truck for a period of time and refused to return it to Farrar, but it did so as a result of an understandable, even if incorrect belief that it had a lien with regard to the rig. This misunderstanding was resolved through the forcible entry and detainer action, which determined the appropriate possession of the tractor/trailer, but established no legal obligation on the part of the corporation to Farrar. In summary, the court finds no legal basis on which to hold either defendants Willette or China Neck Farm, Inc. responsible for the damages Farrar sustained.

In light of the foregoing, the entry will be:

(1) On Docket No. CV-AUG-01-302, judgment will be ENTERED for the plaintiff against the defendant in the amount of $10,836 plus costs and statutory interest.

(2) On Docket No. CV-AUG-01-303, judgment will be ENTERED for the defendants.

Dated: May_____3_____, 2005

S. Kirk Studstrup
Justice, Superior Court  *sitting by designation in the District Court.*

GEORGE FARRER  - PLAINTIFF
PO BOX 214
MORRILL ME 04952
Attorney for: GEORGE FARRER

LAW OFFICE OF MARK SUSI
193 WATER STREET
HALLOWELL ME 04347


vs
RICHARD WILLETTE  - DEFENDANT
RR 7 BOX 1804
CHINA ME 04926
Attorney for: RICHARD WILLETTE
STEVEN CHANDLER  - WITHDRAWN 10/08/2004
LAW OFFICES OF STEVEN J CHANDLER
237 MAIN ST
WATERVILLE ME 04901

Attorney for: RICHARD WILLETTE
JOHN PELLETIER  - RETAINED
GOODSPEED & O'DONNELL
10 SUMMER ST
PO BOX 738
AUGUSTA ME 04332-0738

Filing Document: COMPLAINT            Minor Case Type: CONTRACT
Filing Date: 12/05/2001

## Docket Events:

12/05/2001 FILING DOCUMENT - COMPLAINT FILED ON 12/05/2001

12/05/2001 Party(s):  GEORGE FARRER
         ATTORNEY - RETAINED ENTERED ON 12/05/2001
         Plaintiff's Attorney: MARK SUSI

12/05/2001 Party(s):  GEORGE FARRER
         SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/05/2001

12/26/2001 Party(s):  GEORGE FARRER
         SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/26/2001
         Defendant's Attorney: MARK SUSI
         FOR RICHARD WILLETTE

12/27/2001 Party(s):  RICHARD WILLETTE
         MOTION - MOTION FOR LATE ANSWER FILED ON 12/27/2001
         Defendant's Attorney: STEVEN CHANDLER
         PLT DOES NOT OBJECT

12/27/2001 ATTORNEY - RETAINED ENTERED ON 12/27/2001

01/29/2002 Party(s):  RICHARD WILLETTE
         RESPONSIVE PLEADING - ANSWER FILED ON 01/28/2002
         Defendant's Attorney: JOHN PELLETIER